## FARM CORNN *v.* JUSTUS S. WARDELL.

### November 2, 1915.

*Removal of causes—Suit on account of act done by officer under color of office:* A suit for damages for falsely charging the plaintiff with being a crook and an opium smuggler, such charge being made in the presence of others, by the Surveyor of the Port of San Francisco, an officer of the Customs of the United States, while investigating in Honolulu alleged unlawful importation of opium by persons other than and unknown to the plaintiff, is removable from a Circuit Court of the Territory of Hawaii to the United States District Court for the Territory of Hawaii, on the ground within 36 Stat. 1097, sec. 32, Act of March 3, 1911, of being a suit against an "officer appointed under or acting by authority of [a] revenue law of the United States . . . on account of [an] act done under color of his office or of any such law, or on account of any right, title or authority claimed by such officer . . . under any such law."

*Removal of Causes:* Motion to remand.

*E. C. Peters* and *R. J. O'Brien* for the motion.
*Jeff McCarn,* contra.

DOLE, J. This case was begun in the Circuit Court of the First Circuit of the Territory of Hawaii. Before the time for answer had expired, the defendant filed a petition in said court for removal of the cause to this court, on the ground that the case "involves a question as to whether a Federal officer, while engaged in an investigation for alleged or suspected violations of the Federal law, has the right to express his opinion after having come into possession of certain facts with relation to the guilt or innocence of one suspected of violating the Federal statutes, the enforcement of which is submitted by law to his care", and filed the bond required by the statute in proceedings for removal of such causes, and notified counsel for plaintiff of

the time in which the motion would be made for an order of removal.

Hearing was had and an order made by the judge of said court for removal of said cause to this court; whereupon a certified copy of the proceedings in said Territorial court was filed in this court.

The plaintiff in his complaint alleged that-the defendant, while in Honolulu, on the 2nd day of September, 1915, as an officer of the customs of the United States, to-wit, Surveyor of the Port of San Francisco, investigating alleged unlawful importation into the United States of opium prepared for smoking, by persons other than and unknown to the plaintiff, falsely charged the plaintiff, in the presence of others, with being a crook and opium smuggler, and the plaintiff claimed to be damaged in his good name to the extent of five thousand dollars. The said certified copy of the record was filed in this court on the 1st day of October, 1915. On the same day, counsel for plaintiff filed a motion for remand of the cause to said Territorial court upon the ground that neither by the complaint of the plaintiff nor the petition of the defendant for removal was there disclosed any facts sufficient to warrant the removal to or the assumption of jurisdiction by this court of said cause.

The law provides that:

"When any civil suit or criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title or authority claimed by such officer or other person under any such law . . the said suit or prosecution may, at any time before the trial or final hearing thereof, be removed for trial into the District Court next to be holden in the district where the same is pending, upon the peti-

tion of such defendant to said District Court." 36 Stat. 1097.

The law of which the above quotation is a part is an act to codify, revise and amend the laws relating to the judiciary, approved March 3, 1911, 36 Stat. 1087.

Sections 28 and 29 of the act provide that causes of which the District Courts have original jurisdiction may be removed to the United States District Court at any time before the defendant in such case is required to answer or plead to the declaration of the plaintiff, by petition and bond, as has been done in this case.

The question on the motion for remand is, whether there are disclosed in the proceedings any facts sufficient to warrant the removal to or the assumption of jurisdiction by this court of the cause.

The practice in such matters requires that somewhere in the proceedings, either in the original petition or petition for certiorari, it shall appear "that the act for which the defendant is sued is in fact in the performance of a necessary duty imposed on him by law, having some relation to the collection of revenue for the government." *People's United States Bank v. Goodwin,* 162 Fed. 945. This decision was rendered before the act relating to the judiciary, above referred to, was passed, which provides, besides the proceedings for removal, as provided in section 643 of the Revised Statutes, proceedings as set forth above for petition for removal before the expiration of the period fixed for answer to be filed. It follows that, if either in the original petition or in the petition for removal of these proceedings, it shall appear that the act for which the defendant is sued was done in the performance of an official duty imposed on him by law and having some relation to the collection of revenue for the government or under color thereof, the showing would be sufficient.

The original petition alleges that the conduct complained of occurred while the defendant was an officer of the cus-

toms of the United States, to-wit, Surveyor of the Port of San Francisco, investigating alleged unlawful importation into the United States of opium prepared for smoking. The petition for removal alleges that the plaintiff's petition shows that the suit arises under the laws of the United States providing for the appointment of a surveyor of customs of the United States and defining his duties as such officer, and further, that he was then and there an officer of the customs of the United States, to-wit, Surveyor of the Port of San' Francisco, investigating the alleged unlawful importation into the United States of opium prepared for smoking.

Does this description bring the cause for removal within the statute which provides, as cited above, that a civil suit begun in any court of a State against an officer appointed under or acting by authority of any revenue law of the United States, on account of any act done under color of his office or of any such law, or on account of any right, title or authority claimed by such officer under such law, is ground for removal?

If the defendant, as an officer of the customs of the United States, a Surveyor of the Port of San Francisco, investigating unlawful importation of opium into the United States, charged the plaintiff in the presence of others with being a crook and an opium smuggler, it cannot be denied that he was acting under color of his office or of some authority claimed by him under the revenue laws under which he was appointed or by authority of which he was acting.

The motion for remanding the case is denied, and the defendant is required to answer to the complaint within ten days.